**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

GHISLAINE PIERRE,

        Plaintiff,

v.

PLANET AUTOMOTIVE, INC., d/b/a
KG SUZUKI and AMERICAN SUZUKI
FINANCIAL SERVICES,

        Defendants.

**Index No.: 13-cv-675**

Hon. Margo K. Brodie
Hon. James Orenstein

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

October 22, 2014

Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
*Attorneys for Plaintiff*
9 East 40th Street, Suite 1300
T. (914) 946-1981, ext. 101, ext. 103
F. (914) 946-2930
daniel.schlanger@schlangerlegal.com
peter.lane@schlangerlegal.com

## I. PRELIMINARY STATEMENT

Plaintiff Ghislaine Pierre, by and through her attorneys, Schlanger & Schlanger, LLP, respectfully submits this Memorandum of Law in support of her motion for partial summary judgment. Specifically, Plaintiff moves against auto-dealer Planet Automotive, Inc. ("Planet") and assignee American Suzuki Financial Services ("ASFS") for summary judgment on her claim for violation of New York General Business Law § 350 (NYGBL § 350), which prohibits false advertising. This violation, which occurred in connection with Ms. Pierre's purchase of a new Suzuki automobile from Planet, is clear on the face of the documents produced in discovery.

Ms. Pierre does not move with regard to those violations that relate to the Truth in Lending Act, 15 USC § 1601 et seq. ("TILA"), the Magnuson Moss Consumer Warranty Act 15 USC §§ 2301 et seq. ("MMWA"), or the allegations relating to common law fraud as these involve contested material facts and are properly resolved at trial.

## II. FACTS

Plaintiff's claim for summary judgment on her NYGBL § 350 claim is based on the undisputed fact that the subject vehicle was advertised in the Defendant's lot on May 5, 2012 with a window sticker showing a total price of $29,089.[1] *See* the Window Sticker attached to the Declaration of Peter T. Lane, Esq. dated October 22, 2014, as Exhibit F.[2]

However, as evidenced by the sales invoice and retail installment contract (RIC), Planet did not honor the advertised price but, instead raised the price to $31,123.25.[3] *See* Exhibits G and H.

---

[1] The $29,0989 price included additional features, as well as destination and handling fees. At trial, Plaintiff will show that many of these added features were actually installed in the Vehicle. However, as that fact is not ripe for summary judgment, for the purposes of this motion and with the full reservation of rights, Plaintiff contends herein that, at most, given the information on the Window Sticker, the advertised price was no higher than $29,089.

[2] All Exhibits referenced in this Memorandum of Law are attached to the adjoining Declaration of Peter T. Lane, Esq. dated October 22, 2014.

[3] The sales invoice lists a cash price for the Vehicle of $31,038.25, before all taxes and other charges. The RIC, inexplicably, raises the cash price an additional $85 dollars to disclose a final cash price, including $2,754.64 for

1

The RIC and sales invoice irrefutably demonstrate a sale price well beyond the advertised price on the window sticker.[4]

Accordingly, viewed side by side, the window sticker from the vehicle and the other transaction documents produced by the Defendant leave no question as to the advertised price and clearly evidence that the advertised sale price was lower than the actual sale price in violation of NY GBL § 350.

### III.   LEGAL ARGUMENT

**A. Standard for Summary Judgment**

Summary judgment is appropriate where the movant establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. As will be discussed in detail below, there are no material facts in dispute regarding Plaintiff's claim for false advertising.

General Business Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful". The elements of a private right of action under NYGBL § 350 are straightforward. As the New York Court of Appeals recently stated:

> To successfully assert a claim under General Business Law §§ 349 (h) or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621, 911 NE2d 834, 883 NYS2d 772 [2009]; see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324, 774 NE2d 1190, 746 NYS2d 858, n 1 [2002]). . . .

---

taxes, of $33,877.89, *i.e.* $33,877.89 – $2,754.65 = $31,123.25, which is $85 dollars more than $31038.25 (the cash price showing on the purchase order before taxes).

[4] Plaintiff reserves all rights and fully intends to prove at trial that the actual agreed to sale price was even lower than the advertised price. Specifically, as Plaintiff alleged in the Complaint, Planet agreed to reduce the advertised price in negotiations with Plaintiff to $25,629. Exhibit A, Complaint ¶ 13.

> To the extent that the Appellate Division order imposed a reliance requirement on General Business Law §§ 349 and 350 claims, it was error. *Justifiable reliance by the plaintiff is not an element of the statutory claim* (see *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55, 720 NE2d 892, 698 NYS2d 615 [1999], citing *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26, 647 NE2d 741, 623 NYS2d 529 [1995]).

*Koch v Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012)(*emphasis added*)

The first prong – that the advertising be consumer-oriented – "is met by a showing that 'the acts or practices have a broader impact on consumers at large' in that they are "directed to consumers" or "potentially affect similarly situated consumers." *Cruz v. NYNEX Info. Resources*, 263 A.D.2d 285, 290 (1st Dept. 2000) (quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-6). *See Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141, 145 (2d Dept. 1995) (noting that "[w]hile the statute does not require the plaintiff to prove a repetition or pattern of deceptive behavior it does require a showing of potential impact on consumers at large [.]")

Thus, as here, "[t]he typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods." *Cruz v. NYNEX Info. Resources*, 263 A.D.2d 285, 290 (1st Dept. 2000).

Indeed, Courts in this district have routinely held that deceptive conduct committed by auto dealer involving standardized documents is "consumer-oriented":

> Here, Plaintiff has set forth a valid cause of action under GBL §349. First, Plaintiff negotiated the purchase of the Vehicle from Defendant Spencer Leasing and Defendant subsequently issued to Plaintiff the Vehicle Invoice, the Second Vehicle Invoice, and the RIC, all of which constitute acts or practices which are "consumer-oriented." See *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir. 2009). The automotive sales transaction at issue here was inherently "consumer-oriented" and "not unique to these two parties." See *Oswego*, 85 N.Y.2d at 26. . . . "[W]here as here, the record demonstrates that the transactions involved standard documents routinely presented to similar customers, the plaintiff has made a threshold showing that the practice was consumer oriented." See *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 543 (E.D.N.Y. Mar. 29, 2006) (citation omitted); see also *Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141, 147-148,

3

630 N.Y.S.2d 769 (2d Dep't 1995)("plaintiffs made the threshold showing of a consumer-oriented practice that "potentially affect[ed] similarly situated consumers" where "[t]he record indicate[d] that defendant Bank dealt with plaintiffs' representative as any customer entering the bank to open a savings account, furnishing the [plaintiffs' representative] with standard documents presented to customers upon the opening of accounts" ") (citations omitted).

*Maas v. Spencer Leasing Corp.*, 2013 U.S. Dist. LEXIS 134426, 32-34 (E.D.N.Y. Aug. 19, 2013).

### B. Plaintiff has Established that the Window Sticker was False and Consumer Oriented

The test to determine whether a representation is false rests on the representation's tendency to deceive. *People by Koppell v. Empyre Inground Pools*, 227 A.D.2d 731, 732 (3d Dept. 1996.). And, as GBL § 350 regulates public advertising, proof of a violation is fairly straightforward, as well. That is, "the mere falsity of the advertising content is sufficient as a basis for the false advertising charge." *People by Vacco v. Lipsitz*, 174 Misc. 2d 571, 582-583 (Supreme Court, NY County, June 23, 1997)

Here, it is undisputed that the price of the vehicle listed on the window sticker of the vehicle while on the Defendant's lot was $29,089. *See* Transcript of Deposition of Plaintiff attached as Exhibit E, p. 17, lines 14-20; Window Sticker attached as Exhibit F. Furthermore, it is uncontested that the price of the vehicle disclosed on the retail installment contract was $31,123.25 (33,877.89 minus $2754.65 in taxes). Exhibit H.

The sticker price is advertising under GBL § 350 which provides that "false advertising" means "advertising, including labeling, of a commodity… if such advertising is misleading in a material respect." NYGBL § 350.

Moreover, there can be no question but that an advertisement appearing on a used car dealer's public lot is consumer-oriented. A window sticker placed on a vehicle on a car lot will

be visible to anyone passing by; it can have no other purpose than to convey to the average consumer – and not just to Plaintiff – the purchase price of the vehicle. Clearly, this type of misrepresentation can "potentially affect similarly situated consumers." *Cruz*, 263 A.D.2d at 290 (quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25-26 (1995).

Indeed, the type of deceptive conduct that occurred here has been explicitly held "consumer-oriented" in other cases involving auto dealers. *Maas*, 2013 U.S. Dist. LEXIS 134426 at 32-34 (deceptive conduct by autodealer against individual consumer involving use of standardized forms "consumer-oriented" under NYGBL § 349); *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 543 (E.D.N.Y. Mar. 29, 2006) (same).

### C. Plaintiff has Established that the False Statements were Material

A deceptive or materially misleading practice has been defined as "a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances'". *Zurakov v Register.Com, Inc*, 304 A.D.2d 176, 760 N.Y.S.2d 13 (1st Dept. 2003) (citing *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 25-26. Here, the reasonable consumer could not help but be misled into believing that the price of the vehicle was at most $29,089, further reduced by $1,500 by the agreement of the parties, when clearly, as the other transaction documents show, the price was significantly higher. Regarding the rebate, see the RIC attached as Exhibit H (line 2 of the itemized charges showing a $1500 rebate.)

### D. Plaintiff has Established Injury Proximately Caused by the Materially False Statements

Nor can there be any question with regard to causation. It is uncontested that Ms. Pierre saw the advertisement prior to her purchase (Depo. Transcript, p.17, lines 14-20, attached as Exhibit E), and that the dealer refused to honor the advertised price, and instead, charged her a

5

higher price of $31,123.25.  Exhibits G and H.  See *Douyon v. NY Medical Health Care, P.C.*, et al, 894 F.Supp.2d 245, 264-265 (in order for a false statement to cause injury, plaintiff must have seen the statement).

Put differently, had the Dealership honored the advertised price that Ms. Pierre saw on the window sticker, she would have been charged less for the vehicle.  Accordingly, causation has been shown as a matter of law. See *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29-30 (2000) (causation satisfied by showing that plaintiff was forced to pay a higher price than initially represented; no additional showing that they would not otherwise have entered into the transaction or that they otherwise relied upon the misrepresentation required.); *Koch v Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012) ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law §§ 349 and 350 claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim") (citations omitted).

Moreover, the tax of 8.875% charged on the transaction was figured according to the falsely inflated sale price, as is undisputed on the face of the sales contract and the RIC and amounted to $2754.64. *See* Exhibits G and H.  If that tax was calculated on the advertised sale price of $29,089, it would have amounted to $2581.65.

Accordingly, treating the advertised price in the same way as the falsely inflated price on the RIC, the total cash price of the vehicle, *with tax*, should have been $31,670.65.  Crediting Ms. Pierre for her $8,000 and applying the $1500 rebate after taxes, as is shown on the RIC, Plaintiff should have been left with an unpaid balance of at most $22,170.65 ($31,670.65 - $9500) if she had received the advertised price of the vehicle.

Instead, after the price was falsely inflated by the Dealership, she was obligated to an unpaid balance of $24,377.89 as shown on the RIC.

Plaintiff has thus demonstrated an injury in an amount equal to at least $2207.24.[5]

**E. Planet Knowingly Violated GBL § 350-e Entitling Plaintiff to an Award of up to $10,000**

Under NYGBL § 350-e a Court may increase the award of damages to an amount up to three times the actual damages up to $10,000 if a defendant willfully or knowingly violated the statute. Clearly, such an award is appropriate in the instant matter.

Planet labeled the vehicle with the Manufacturers Suggested Retail Price of $29,089 and put the vehicle on its lot. Thereafter, Planet disregarded the advertised price and increased the sale price by over $2,000 in a Retail Installment Contract that was signed by the Dealership.

Accordingly, Planet knowingly violated NYGBL § 350 and plaintiff is entitled to an award of treble damages, *i.e.* $6,621.72 ($2,207.24 X 3).

**F. Assignee American Suzuki Financial Services Is Libel Under Applicable Law**

It is undisputed that ASFS took assignment from Planet of Ms. Pierre's contract. *See* ASFS' Answer, ¶ 10, attached as <u>Exhibit I</u>. Accordingly, ASFS is liable for Planet's violation of NYGBL § 350 pursuant to both state and federal statutory law, and common law. *Ramirez v National Coop. Bank (NCB)*, 91 A.D.3d 204, 207 (1st Dept. 2011)("The [FTC] Holder Rule and Personal Property Law § 302 (9) preserve consumer claims and defenses by mandating that "[a]ny holder of [a] consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained."); New York General

---

[5] To be clear, Plaintiff fully intends to prove at trial that the final agreed to sale price was even lower than the advertised price and that, in addition, the advertised price included vehicle add-ons that were not provided. At the summary judgment phase, however, the undisputed material facts evidence an overcharge of a minimum of $2,207.24, *i.e.* the difference between the advertised price and sale price, plus the additional sales tax related to same.

Obligations Law § 13-105 (providing that where a claim or demand is transferred, the assignee takes possession "subject to any defense or counter-claim existing against" the assignor, subject to exceptions not relevant here); *Northern Properties, Inc. v. Kuf Realty Corp.*, 30 Misc. 2d 1, 3 (Westchester 1961) ("it is now beyond dispute than an assignee takes subject to all defenses or counterclaims which the mortgagor possessed against the assignor. . .").

### G. Plaintiff is Entitled to her Reasonable Attorneys' Fees Under GBL § 350-e

Moreover, NYGBL § 350-e also provides for the award of reasonable fees to the prevailing plaintiff. Although discretionary, attorney's fees are routinely awarded in cases such as the one at bar. *Maas v. Spencer Leasing Corp.*, 2013 U.S. Dist. LEXIS 134426, 43-44 (E.D.N.Y. Aug. 19, 2013) (awarding fees under § 349 in a case involving deceptive conduct by an auto dealer against an individual consumer); *Wilson v. Car Land Diagnostics Ctr., Inc.*, 2001 U.S. Dist. LEXIS 19760, 3-7 (S.D.N.Y. Nov. 15, 2001) (same); *Schwartz v. Chan*, 142 F. Supp. 2d 325, 331 (E.D.N.Y. 2001) (awarding fees under both § 349 and § 350).

Courts have noted that the award of fees under § 349 and § 350 is particularly appropriate where, as the legislature intended, the statutes are used to combat "fraud against consumers, particularly the disadvantaged". *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 25 F. Supp. 2d 127, 132 (E.D.N.Y. 1998) (quoting Givens, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 19, General Business Law § 349, at 574-575).

The case at bar certainly fits this description: Ms. Pierre is an elderly (65 years old) Haitian immigrant who speaks English as a second language and has limited education, having not received a high school education beyond the 9th grade. Pierre Depo. Transcript (Exhibit E), Page 8, ln 4-11. See *Indep. Living Aids*, *Inc.*, 25 F. Supp. 2d 127 (noting that the "elderly" are "among the most vulnerable in our society" in the context of awarding fees under § 350).

8

Given that "[t]he typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods" (*Cruz*, 263 A.D.2d at 290), the award of attorneys' fees to the prevailing consumer is integral to vindication of the rights the statute seeks to protect. Without the award of attorney's fees, the private bar would simply be unable to represent individual consumer victims of advertising fraud, as the amounts in dispute in such transactions are often relatively small and the financial resources of individual consumers are often severely restrained. *See City of Riverside v. Rivera,* 477 U.S. 561, 575 (1986) (describing the same dynamic with regard to civil rights actions).

Accordingly, Plaintiff further requests that, that the Court award her reasonable attorney fees and costs, to be determined upon application.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant summary judgment in favor of Plaintiff as to liability on Plaintiff's fourth causes of action under NY GBL § 350, and grant an award for actual damages of $2,207.24, punitive damages of an additional $4,414.48, as well as reasonable costs and attorneys' fees to be determined upon application.

Dated: October 22, 2014

                                                Respectfully Submitted,

                                                *s/Daniel A. Schlanger*
                                                Daniel A. Schlanger, Esq.
                                                Peter T. Lane, Esq.
                                                Schlanger & Schlanger, LLP
                                                9 East 40th Street, Suite 1300
                                                New York, NY 10016
                                                Ph: 914-946-1981 ext. 101; ext. 109
                                                Fax: 914-946-2930
                                                daniel.schlanger@schlangerlegal.com
                                                peter.lane@schlangerlegal.com