UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
GHISLAINE PIERRE,

                      Plaintiff,                  **MEMORANDUM & ORDER**
                                                               13-CV-675 (MKB) (JO)
                v.

PLANET AUTOMOTIVE INC. and AMERICAN
SUZUKI FINANCIAL SERVICES,

                      Defendants.
----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On February 6, 2013, Plaintiff Ghislaine Pierre filed the above-captioned action against Defendants Planet Automotive Inc. ("Planet") and American Suzuki Financial Services ("Suzuki"), alleging violations of the Truth in Lending Act ("TILA"), Magnuson Moss Consumer Warranty Act ("MMWA"), common law fraud, and false advertising under New York state law. (Compl. ¶¶ 49–86.) Suzuki now moves for summary judgment as to all of Plaintiff's claims against it. (Suzuki Mot. for Summ. J., Docket Entry No. 41.) On February 4, 2015, the Court referred Suzuki's motion to Magistrate Judge James Orenstein for a report and recommendation. (Feb. 4, 2015 Order.) By report and recommendation dated September 11, 2015 ("R&R"), Judge Orenstein recommended that the Court dismiss Plaintiff's TILA and MMWA claims against Suzuki with prejudice, and decline to exercise supplemental jurisdiction over Plaintiff's false-advertising and common law fraud claims against Suzuki, dismissing them without prejudice. (R&R 1, Docket Entry No. 67.) Plaintiff timely filed objections to the R&R. (Docket Entry No. 69.) For the reasons discussed below, the Court respectfully declines to adopt

Judge Orenstein's R&R as to the Court's exercise of supplemental jurisdiction, and reserves decision as to all other recommendations made by Judge Orenstein in the R&R.

## I. Background

### a. Factual background

On May 5, 2012, Plaintiff purchased a 2012 Suzuki Kizashi from Defendant Planet.[1] (Pl. 56.1 ¶ 1; Suzuki 56.1 ¶ 1; Compl. ¶ 11.) Initially, Plaintiff agreed to purchase the car for $25,629, but, in order to secure an automobile loan from Planet, Plaintiff was required to "buy down" the interest rate of her loan by purchasing additional products for the car. (Pl. 56.1 ¶ 1; Decl. of Kinney Galani ("Galani Decl.") ¶ 2, Docket Entry Nos. 43-1–43-4.) Ultimately, Plaintiff signed a Retail Installment Contract ("RIC"), which listed the car's cash price as $33,877 and included various federal Truth-In-Lending disclosures. (RIC, annexed to Decl. of Daniel Schlanger ("Schlanger Decl.") as Ex. B.) The list cash price reflected on the RIC included the cost of the optional items Plaintiff was required to buy to obtain financing, but Plaintiff asserts that Planet's finance manager did not disclose this information to Plaintiff. (Pl. 56.1 ¶ 3.) According to Plaintiff, the RIC was inaccurate, and it failed to disclose the charges Plaintiff had to pay to "buy down" her interest rate and obtain financing. (Pl. 56.1 ¶ 2.)

At some point, Planet assigned Plaintiff's car loan, specifically the rights under RIC, to Defendant Suzuki. (Pl. 56.1 ¶ 3; Suzuki 56.1 ¶ 3.) Plaintiff asserts that, as part of the assignment, Suzuki received the RIC and a number of documents related to transaction,

---

[1] Suzuki submitted a statement of material facts pursuant to Rule 56.1 in support of its motion for summary judgment. (Suzuki Revised Statement of Undisputed Facts Pursuant to Local Rule 56.1 ("Suzuki 56.1"), Docket Entry No. 63.) Plaintiff submitted a counter-statement of material facts pursuant to Rule 56.1. (Pl. Revised Statement Pursuant to Local Rule 56.1 ("Pl. 56.1"), Docket Entry No. 64.) Plaintiff's Rule 56.1 statement consists of eight non-sequentially numbered paragraphs. The Court refers to the sequential numbering of each paragraph one through eight.

including (1) the sales invoice, (2) a theft deterrent product protection certificate, (3) the "GWC" warranty contract application, and (4) the manufacturers invoice. (Sales Invoice, annexed to Schlanger Decl. as Ex. A; Theft Deterrent Cert., annexed to Schlanger Decl. as Ex. E; GWC Warranty Application ("GWC Appl."), annexed to Schlanger Decl. as Ex. F; Mfr. Invoice, annexed to Schlanger Decl. as Ex. C; Pl. 56.1 ¶¶ 1, 5.) Each of these documents listed various prices for the car. (*See* RIC (listing a "cash price" of "$33,877.89" along with breakdown of fees); Mfr. Invoice (listing "total amount due" as "$27,937.24"); Sales Invoice (listing "$25,629" and a "total" price of "$31,038.25"); Theft Deterrent Cert. (listing "vehicle price" as "$25,629"); GWC Appl. (listing "vehicle price" as "$25,629").) According to Plaintiff, these documents reflect Planet's illegal price increase and inaccurate TILA disclosures, all of which were apparent on the face of the documents assigned to Suzuki. (Pl. 56.1 ¶¶ 3–8.)

## II. Discussion

### a. Standards of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.* § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2. The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments.

3

*See Rahman v. Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates arguments made to the magistrate judge); *see also DePrima v. City of N.Y. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

b. **Supplemental jurisdiction**

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states in pertinent part:

> Except as provided in subchapters (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367; *see also Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (quoting 28 U.S.C. § 1367); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Federal and state law claims "'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact,'" *Shahriar*, 659 F.3d at 245 (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)), and "[t]his is so even if the state law claim is asserted against a party different from the one named in the federal claim," *Briarpatch*, 373 F.3d at 308 (internal citations omitted) (citing 28 U.S.C. § 1367(a) and *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000)). *See Kirschner*, 225 F.3d at 239 (noting that 28 U.S.C. § 1367 "makes pendent party jurisdiction possible where the

4

claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party").

Nevertheless, even where the state and federal claims are sufficiently related to warrant the exercise of supplemental jurisdiction, a district court may decline to exercise supplemental jurisdiction if certain factors apply. 28 U.S.C. § 1367(c); *see Shahriar*, 659 F.3d at 245 ("Where section 1367(a) is satisfied, 'the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c).'" (quoting *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998))); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2005). Specifically, under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). However, "where at least one of the[se] . . . factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values [of] . . . economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 1130, 1139 (1966)).

Here, Plaintiff brings claims against both Suzuki and Planet for violations of TILA and the MMWA, along with state-law claims for fraud and false advertising. (Compl. ¶¶ 49–86.) Suzuki has moved for summary judgment, but Planet has not. As a result, regardless of the outcome of Suzuki's motion, all of Plaintiff's claims against Planet remain pending and will proceed to trial. Thus, because the claims against Planet include claims under TILA and the

5

MMWA, the Court has federal question jurisdiction and, even if all federal claims against Suzuki are dismissed, there may be a proper basis for the Court to exercise supplemental jurisdiction over Plaintiff's state law claims as arising from the same case or controversy as Plaintiff's claims against Planet. *See Jones v. Nickens*, 961 F. Supp. 2d 475, 495 (E.D.N.Y. 2013) ("Although the Court has dismissed the federal claims as against all of the moving defendants, the federal claims against the County defendants, Pedro Jones, Armandi, and Zack still remain in the case (as those defendants have not so moved).").

Here, Plaintiff's federal claims against Planet, and her state law fraud and false advertising claims against Suzuki, arise from a common nucleus of operative fact — the sale of Plaintiff's car — satisfying Section 1367(a)'s requirements. Accordingly, the Court has discretion to decline supplemental jurisdiction over those state law claims against Suzuki "only if" one of Section 1367(c)'s factors apply. *Shahriar*, 659 F.3d at 245 ("Where section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." (citation and internal quotation marks omitted)). As discussed below, none of these factors apply.

Plaintiff's common law fraud and New York State false-advertising claims raise no novel or complex issues of State law, and do not predominate over the federal TILA or MMWA claims. As discussed above, irrespective of the outcome of Plaintiff's claims against Suzuki, the Court will continue to retain original federal question jurisdiction over Plaintiff's TILA and MMWA claims against Planet. Further, there are no exceptional circumstances to justify declining supplemental jurisdiction. More importantly, the relevant *Gibbs* factors of "economy, convenience, fairness, and comity" weigh in favor of exercising supplemental jurisdiction and resolving Plaintiff's state law claims against Suzuki in this action. *See Jones*, 358 F.3d at 214

(citing *Gibbs*, 383 U.S. at 1139).

Accordingly, the Court can, and will, exercise jurisdiction over Plaintiff's state law claims against Suzuki, and declines to adopt the portion of the R&R that recommends that the Court refrain from exercising its supplemental jurisdiction. The Court reserves decision as to all other recommendations made by Judge Orenstein in the R&R.

### III. Conclusion

Having considered Judge Orenstein's R&R as it relates to the Court's exercise of supplemental jurisdiction over Plaintiff's state law claims and the accompanying objections, the Court declines to adopt the R&R as to the Court's exercise of supplemental jurisdiction, and reserves decision on the remainder of Judge Orenstein's recommendations as to the merits of Plaintiff's claims.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 30, 2015
      Brooklyn, New York