UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
GHISLAINE PIERRE,

                          Plaintiff,                    **MEMORANDUM & ORDER**
                                                                           13-CV-675 (MKB)
              v.

PLANET AUTOMOTIVE, INC. and AMERICAN
SUZUKI FINANCIAL SERVICES,

                          Defendants.

-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        Plaintiff Ghislaine Pierre filed the above-captioned action against Defendants Planet Automotive, Inc. ("Planet") and American Suzuki Financial Services ("Suzuki") on February 6, 2013, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA"), the Magnuson–Moss Consumer Warranty Act, 15 U.S.C. § 2310 ("MMWA"), and New York state tort law.  (Compl. ¶¶ 49–86, Docket Entry No. 1.)  Plaintiff's claims arise from her purchase of a vehicle from Planet, a car dealership, and from Suzuki's financing of that purchase.  On December 18, 2014, Suzuki moved for summary judgment.[1]  (Suzuki Mot. for Summ. J. ("Suzuki Summ. J. Mot."), Docket Entry No. 41.)  On February 4, 2015, the Court referred Suzuki's motion to Magistrate Judge James Orenstein for a report and recommendation.  (Order dated Feb. 4, 2015.)  By report and recommendation dated September 11, 2015 (the "R&R"), Judge Orenstein recommended that the Court dismiss Plaintiff's TILA and MMWA claims against Suzuki and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (R&R 1, Docket Entry No. 67.)  Plaintiff timely filed objections to the R&R.  (Pl. Objs. to R&R

---
[1] Planet did not move for summary judgment.

("Pl. Objs."), Docket Entry No. 69.) By Memorandum and Order dated September 30, 2015, the Court declined to adopt the R&R as to the Court's exercise of supplemental jurisdiction and reserved decision as to the merits of Plaintiff's TILA and MMWA claims against Suzuki. *Pierre v. Planet Auto., Inc.*, No. 13-CV-675, 2015 WL 5793319, at *1 (E.D.N.Y. Sept. 30, 2015). Subsequently, by Memorandum and Order dated June 21, 2016 (the "June 2016 Decision"), the Court denied Suzuki's motion for summary judgment as to Plaintiff's TILA claim and state law claims and granted Suzuki's motion for summary judgment as to Plaintiff's MMWA claim. *Pierre v. Planet Auto., Inc.*, No. 13-CV-675, 2016 WL 3470007, at *1 (E.D.N.Y. June 21, 2016). Suzuki moves the Court to reconsider the June 2016 Decision as to Plaintiff's TILA claim. (Suzuki Mot. for Recons., Docket Entry No. 79; Suzuki Mem. in Supp. of Mot. for Recons. ("Suzuki Recons. Mem."), Docket Entry No. 80.) For the reasons discussed below, the Court declines to reconsider its June 2016 Decision.

## I. Background

### a. Plaintiff's allegations

The Court assumes familiarity with the facts as detailed in the June 2016 Decision and will provide only a summary of the pertinent facts here. On or about May 5, 2012, Plaintiff purchased a vehicle from Planet. (Compl. ¶ 11; Pl. Revised Statement of Undisputed Facts Pursuant to Local R. 56.1 ("Pl. 56.1") ¶ 1,[2] Docket Entry No. 64; Suzuki Revised Statement of Undisputed Facts Pursuant to Local R. 56.1 ("Suzuki 56.1") ¶ 1, Docket Entry No. 63.) Plaintiff and Planet agreed on a price of $25,629.00. (Pl. 56.1 ¶ 1; Decl. of Kinney Galani ("Galani Decl.") ¶ 2(d), Docket Entry Nos. 43-1–43-4; Purchase Order 1, annexed to Suzuki 56.1 as Ex. A.) Plaintiff signed a Retail Installment Contract ("RIC"), which lists the vehicle's cash price as

---

[2] Plaintiff's revised Rule 56.1 statement consists of eight non-sequentially numbered paragraphs. The Court refers to the sequential numbering of each paragraph.

$33,877.89, or $31,123.25 without sales tax, and includes various disclosures required by TILA. (RIC 1, annexed to Suzuki Summ. J. Mot. as Ex A.) Plaintiff contends that in order to secure financing for the purchase, she was required to "buy down" the interest rate of her loan by purchasing additional products for the car, which unlawfully increased the price of the car. (Pl. 56.1 ¶ 1.) According to Plaintiff, the cost of the items she was required to purchase as a condition of her financing were included in the cash price listed on the RIC rather than disclosed separately as finance charges. (Pl. 56.1 ¶ 2.)

Plaintiff's loan was subsequently assigned to Suzuki. (Pl. 56.1 ¶ 3; Suzuki 56.1 ¶ 3.) Plaintiff argues that six specific documents that were part of the assignment of the loan to Suzuki reflect Planet's illegal increase in the price of the car and also reflect inaccurate TILA disclosures. (Pl. 56.1 ¶¶ 3–8.) Plaintiff identifies these documents as: (1) a purchase order with a sales price of $25,629, a subtotal of $31,038.25 with certain fees and extra features, and a total price of $34,129.39, including sales tax and more fees, (Purchase Order 1); (2) a sales invoice with a sales price of $31,038.25 and a total price of $34,129.39 with taxes and fees, (Sales Invoice 1, annexed to Decl. of Daniel Schlanger ("Schlanger Decl.") as Ex. A, Docket Entry No. 42); (3) a theft-deterrent product certificate with a vehicle purchase price of $25,629 (the "Theft Deterrent Certificate"), (Theft Deterrent Cert. 1, annexed to Schlanger Decl. as Ex. E); (4) a "GWC Warranty" contract application with a vehicle price of $25,629 (the "Warranty Application"), (Warranty Appl. 1, annexed to Schlanger Decl. as Ex. F); (5) a manufacturer's invoice with a retail amount of $27,549 and a total retail amount with various upgrades totaling $29,069, (Mfr. Invoice 1, annexed to Schlanger Decl. as Ex. C); and (6) the RIC, listing a cash price of $33,877.89 or $31,123.25 pre-sales tax, (RIC 1).

    b.  **Suzuki's summary judgment motion**

After answering the Complaint, Suzuki moved for summary judgment, seeking to dismiss

3

all of Plaintiff's claims. As relevant here, the entirety of Suzuki's argument stated that "[t]he TILA statute [,15 U.S.C. 1641(a),] eliminates assignee liability under TILA unless the asserted violation is apparent on the face of the RIC. This oft-cited provision requires dismissal of the TILA claim against movant." (Suzuki Mem. of Law in Supp. of Mot. for Summ J. ("Suzuki Summ. J. Mem.") 2, Docket Entry No. 41-2.) Plaintiff argued in opposition to the motion that "the various documents assigned to [Suzuki] are wildly inconsistent with one another. Specifically, the . . . Theft Deterrent Product Protection Certificate ($25,629.00), and the GWC Warranty Contract Application ($25,629.00) do not match the price set forth in the RIC, which shows a sale price of $31,123.25." (Pl. Mem. in Opp'n to Summ. J. ("Pl. Summ. J. Opp'n") 9, Docket No. 42.) In Suzuki's brief reply, it asserted that the other documents cited by Plaintiff were consistent with the RIC, and therefore, summary judgment was warranted. (Suzuki Reply in Supp. of Summ. J. ("Suzuki Summ. J. Reply") 3, Docket Entry No. 43.)

Judge Orenstein recommended that the Court dismiss all of Plaintiff's claims. (R&R 1.) Judge Orenstein found that "[e]ven assuming these other documents were 'assigned' to Suzuki . . . , the documents are not so inconsistent" that they gave rise to a TILA violation. (R&R 5.) Plaintiff timely filed objections to the R&R, arguing that the TILA claim was viable because, *inter alia*, the Theft Deterrent Certificate and the Warranty Application were assigned to Suzuki and inconsistent with the RIC. (Pl. Objs. 3–9.) In its response to Plaintiff's objections, Suzuki reiterated its argument that all of the documents Plaintiff referenced were consistent with the RIC. (Suzuki Reply to Pl. Objs. ("Suzuki Objs. Reply") 1, Docket Entry No. 71.)

    c.   **The June 2016 Decision**

By Memorandum and Order dated June 21, 2016, the Court declined to adopt Judge Orenstein's recommendation to dismiss Plaintiff's TILA claim and denied in part Suzuki's motion for summary judgment. *Pierre*, 2016 WL 3470007, at *1. The Court found that because

4

the Theft Deterrent Certificate and the Warranty Application reflected a purchase price that differed from the purchase price in the RIC, a genuine dispute existed on an issue of material fact. *See id.* at *6. The Court noted that TILA liability for an assignee, like Suzuki, may only lie where a disclosure is "incomplete or inaccurate from the face of the disclosure statement or other documents assigned." *Id.* at *3 (citing 15 U.S.C. § 1641(a)). The Court then surveyed cases from federal courts of appeals and district courts around the country and found that assignees are liable for TILA violations when the disclosure statement is inconsistent with other assigned documents. *See id.* The Court explained that, conversely, TILA claims against assignees failed when "the plaintiff relied on documents that were not assigned." *Id.* at *4 (citations omitted). The Court found Plaintiff's claim viable because the documents Plaintiff relied on were assigned to Suzuki. *See id.* at *4, *6 ("The Theft Deterrent Certificate and the Warranty Application [are] both documents assigned to Suzuki . . . .").

### d. Suzuki's reconsideration motion

Suzuki retained new counsel who filed the instant motion before the Court. (Notice of Appearance by Ross Eric Morrison on behalf of American Suzuki Financial Services, Docket Entry No. 74; Notice of Appearance Brian Jeffrey Wegrzyn on behalf of American Suzuki Financial Services, Docket Entry No. 75; Suzuki Recons. Mem. 6.) In the motion, Suzuki requests that the Court reconsider the June 2016 decision as to the TILA claim because Planet never assigned Suzuki the Theft Deterrent Certificate and the Warranty Application. (Suzuki Recons. Mem. 3–6.) Suzuki explains that if the Theft Deterrent Certificate and the Warranty application were never assigned, then the Court may not consider those documents in determining whether there was TILA violation. *See id.* Accordingly, Suzuki argues that the Court improperly considered the Theft Deterrent Certificate and the Warranty Application in the June 2016 Decision. *See id.*

## II. Discussion

### a. Standard of Review

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.").

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not

reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

### b. Reconsideration is not warranted

Suzuki asserts that the Court should reconsider the June 2016 Decision because the Court improperly considered the Theft Deterrent Certificate and the Warranty Application — documents that were never assigned to Suzuki. (Suzuki Recons. Mem. 3–6.) Suzuki failed to raise its lack-of-assignment argument in its earlier motions and also fails to show that the Court overlooked pertinent facts or controlling law in its decision regarding the TILA claim. Therefore, reconsideration is not warranted.

It is "well-settled" that a party may not raise an argument in a motion for reconsideration that it has not previously presented to the court. *See Analytical Surveys, Inc.*, 684 F.3d at 52; *Cancel v. N.Y.C. Human Res. Admin./Dep't of Soc. Servs.*, 634 F. App'x 843, 845 (2d Cir. 2015) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52); *Mahadeo v. N.Y.C. Campaign Finance Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013); *Lichtenberg*, 28 F. App'x at 75; *Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 244 (E.D.N.Y. 2015) ("In a motion for reconsideration, a party may not introduce new facts or raise new arguments that could have been previously presented to the court." (citation omitted)).

Suzuki contends that it previously presented its argument to the Court because throughout the litigation it has maintained that the RIC was the only document it was assigned. (Suzuki Reply in Supp. of Mot. for Recons. ("Suzuki Recons. Reply") 2–4, Docket Entry No. 82.) That

7

contention is misleading. Throughout the litigation, Suzuki's position has been that there was no TILA violation because one did not appear on the face of the RIC. (*See* Suzuki Summ. J. Mem. 2; Suzuki Summ. J. Reply 3; Suzuki Objs. Reply 1.) When Plaintiff asserted that she had a sufficient TILA claim if the RIC is compared to the other "assigned" documents, (Pl. Summ. J. Resp. 9; Pl. Objs. 3–4.), Suzuki responded that the RIC, Theft Deterrent Certificate and Warranty Application were consistent, thereby implicitly suggesting that it had been assigned all three documents. (Suzuki Summ. J. Rep. 3; Suzuki Objs. Rep. 1.) The entirety of Suzuki's argument in its papers regarding the TILA claim consisted of three paragraphs. (*See* Suzuki Summ. J. Mem. 2; Suzuki Summ. J. Reply 3; Suzuki Objs. Reply 1.) At no point prior to its reconsideration motion did Suzuki argue that, as an assignee, it could not be held liable for the alleged TILA violation because it was only assigned the RIC. *See id.* Suzuki's new counsel may be dissatisfied with its predecessor's arguments to the Court, but on a reconsideration motion, Suzuki's new counsel is bound by those arguments. *See Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d. Cir. 1999) ("In the present circumstances, we see no reason to eschew application of the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys." (citation omitted)); *Fonar Corp v. Magnetic Resonance Plus, Inc.*, 935 F. Supp. 443, 448 (S.D.N.Y. 1996) (denying a motion for reconsideration made by the plaintiff's new counsel because the new counsel failed to present any grounds justifying reconsideration).

Reconsideration is also unwarranted because Suzuki fails to point to any facts or controlling law that the Court overlooked. *See Cedar Petrochem., Inc.*, 628 F. App'x at 796. In arguing for reconsideration, Suzuki relies on the same cases that the Court relied upon in the June 2016 Decision. *Compare* Suzuki Recons. Mem. 3–6 (citing *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 198 (3d Cir. 2000) and *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703

8

(11th Cir. 1998)) *with Pierre*, 2016 WL 3470007, at *4, *6 (citing *Ramadan*, 229 F.3d at 198 and *Ellis*, 160 F.3d at 709). Suzuki does not argue that the Court overlooked controlling law; it merely argues that the Court incorrectly interpreted the law. However, Suzuki is not entitled to a "second bite at the apple" or a chance to "relitigat[e] old issues." *Analytical Surveys, Inc.*, 684 F.3d at 52.

The Court denies Suzuki's reconsideration motion because Suzuki's lack-of-assignment argument was not previously put before the Court and Suzuki has failed to show that the Court overlooked pertinent facts or controlling law. *See Analytical Surveys, Inc.*, 684 F.3d at 52; *Cancel*, 634 F. App'x at 845 (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

### III. Conclusion

For the foregoing reasons, the Court declines to reconsider the June 2016 Decision.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 31, 2016
      Brooklyn, New York