UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GHISLAINE PIERRE,

                        Plaintiff,

v.

PLANET AUTOMATIVE, INC.
d/b/a KG SUZUKI,

                        Defendant.

**MEMORANDUM & ORDER**
13-CV-0675 (MKB) (JO)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ghislaine Pierre commenced the above-captioned action against, *inter alia*,[1] Defendant Planet Automotive, Inc., asserting claims under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), Magnuson Moss Consumer Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("MMWA"), and New York General Business Law, N.Y. Gen. Bus. Law § 350 ("GBL"), alleging false advertising, false disclosure of financing costs, and failure to disclose warranty terms. (Compl., Docket Entry No. 1.) Plaintiff also asserts a claim for common law fraud. (*Id.*)

      On June 13, 2017, the parties agreed to the entry of a default judgment, and the Court referred the determination of damages to Magistrate Judge James Orenstein for a report and recommendation. (Minute Order dated June 13, 2017.) By report and recommendation dated February 21, 2018 (the "R&R"), Judge Orenstein recommended that the Court enter a default judgment against Defendant in the total amount of $64,559.56, inclusive of all damages, costs, and reasonable attorneys' fees. (R&R, Docket Entry. No. 107.) The amount reflects $94,583.25 in attorneys' fees and $1,676.31 in costs, reduced by $31,700.00 in attorneys' fees and costs

---

[1] Plaintiff also brought claims against Defendant American Suzuki Financial Services ("Suzuki"). (Compl., Docket Entry No. 1.) Pursuant to a settlement agreement, Plaintiff dismissed her claims against Suzuki. (Stipulation and Order of Dismissal, Docket Entry No. 89.)

already recovered from Defendant Suzuki. (*Id.* at 11–12.) No amount of damages was awarded because Plaintiff had already recovered in full from Defendant Suzuki. (*Id.* at 6–7.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court enters a default judgment against Defendant in the total amount of $64,559.56, inclusive of all damages, costs, and reasonable attorneys' fees.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 19, 2018
      Brooklyn, New York